UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

JOHN NEILAN, YASSER ALMUSSRY,
and LUIS GARCIA,

    Plaintiffs,

v.

MILOS BY COSTAS SPILIADIS, Inc., a Florida
for profit corporation, d/b/a MARKETA BY
COSTAS SPILIADIS/ ESTIATORIO MILOS
MIAMI and SPIROS ASSIMAKOPOULOS,
individually,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, JOHN NEILAN, YASSER ALMUSSRY, and LUIS GARCIA ("Plaintiffs"), brings this action against, MILOS BY COSTAS SPILIADIS, Inc., a Florida for profit corporation, d/b/a MARKETA BY COSTAS SPILIADIS/ ESTIATORIO MILOS MIAMI ("MILOS") and SPIROS ASSIMAKOPOULOS, individually ("Defendants"), for unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages, and other relief in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("the FLSA").

## NATURE OF THE SUIT

    1.    The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive

working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum, on time, may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well- being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-8 (1945).

2. This action is brought under the FLSA to recover from Defendants overtime, minimum wage, compensation, liquidated damages, and reasonable attorneys' fees and costs.

3. This action is intended to cover Defendants' wage violations against Plaintiff within the past Three (3) years pursuant to the FLSA.

## PARTIES

3. Plaintiffs are non-exempt hourly paid service employees and performed related activities for Defendants in Miami-Dade County, Florida.

4. Defendant, MILOS, is a restaurant located within Miami-Dade County, Florida.

5. SPIROS is an individual and *sui juris*, is a manager of MILOS, and acts directly and indirectly in the interest of Defendant, MILOS. Upon reasonable belief, SPIROS frequents MILOS and has the power to direct employee's actions and is a member of the management. SPIROS management responsibilities, degree of control over day-to-day operations and compensation practices, and role in causing MILOS to compensate (or not to compensate) employees in accordance with the FLSA makes Defendant, SPIROS, an employer pursuant to 29 USC § 203(d).

## JURISDICTION

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

7. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

8. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

9. Venue is proper in this Court because Plaintiffs' reside within the District, Defendants' maintain business operations within the District, and Plaintiffs' claims accrued in this District.

## COVERAGE

10. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

11. At all times material hereto, Defendants were the "employers" within the meaning of the FLSA.

12. Defendants were, and continue to be, "employers" within the meaning of FLSA.

13. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA, by virtue of their regular purchase and receipt of items from out of state, including food, drinks, alcoholic beverages, cash registers, phones, dishes, pots, stoves and other materials and tools that are necessary and integral to their

business.

14. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the all times relevants.

16. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, drinks, beverages, cash registers, pots, pans, dishwashing equipment, telephones and other kitchen, food preparation and office materials and tools.

17. At all times material hereto, Plaintiffs were "engaged in commerce" by virtue of the fact that they regularly completed financial transactions with Defendants' customers' credit card companies, banks, and third-party payment processing services outside the State of Florida, as part of their duties with Defendants.

18. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

19. At all times material hereto, Defendants performed related activities, for a common business purpose, and with shared employees and operational control.

20. At all times material hereto, MILOS and SPIROS operated for a common business service, to serve food and beverages to the general public in a sit-down restaurant setting.

21. At all times material hereto, Defendants utilized the same vendors, and often a single account with the same vendors.

22. At all times material hereto, Defendants shared employees in common, such that multiple employees worked for all of the Defendants, simultaneously within the same

workweeks, and worked interchangeably between the Defendants.

23. At all times material hereto, Defendants co-mingled their assets.

24. At all times material hereto, as a matter of economic reality, Defendants were a joint enterprise.

## FACTUAL ALLEGATIONS

25. Defendants' operate a fine dining restaurant located in Miami-Dade County Florida.

26. Plaintiff, JOHN NEILAN, worked for Defendants as non-exempt hourly paid service employee from approximately November 2012 to December, 2013.

27. Plaintiff, YASSER ALMURRY, worked for Defendants as non-exempt hourly paid service employee from approximately October 2012 to June 2013.

28. Plaintiff, LUIS GARCIA, worked for Defendants as non-exempt hourly paid service employee from approximately January 2013 to December 2013.

29. Under the FLSA, Employers are required to pay employees minimum wage and overtime for hours worked over 40 hours per week.

30. During all times relevant, Defendants were required to pay employees minimum wage under both federal and state law.

31. Under the FLSA, if an employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour in Florida during the all times relevant) to satisfy its obligation to pay its employees at least a minimum wage. The burden is on the employers to prove they are entitled to take the tip credit.

32. To utilize the tip credit under the FLSA, the employer must pay its employees the proper minimum wage and allow its tipped employees to retain all the tips they receive,

except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage.

33. By failing to satisfy the requirements of 29 U.S.C. § 203(m) during all times relevant, Defendants were not eligible for the tip credit and were required to pay Plaintiffs the full applicable minimum wage rate required by the FLSA.

34. By failing to satisfy the requirements of 29 U.S.C. § 203(m) during all times relevant, Defendants were not eligible for the tip credit and were required to pay Plaintiffs the full applicable overtime wage rate required by the FLSA.

35. During all times relevant, Defendants utilized the tip credit to pay Plaintiffs, who served food and/or beverages to Defendants' customers, at an hourly wage rate that was less than the applicable minimum wage allowed under the FLSA. Additionally, Defendants did not allow Plaintiffs to retain all of their tips. Defendants required Plaintiffs to pay a portion of their tips to non-tipped employees and/or employees who illegally received tips shares. (Specifically, Defendants required Plaintiffs to give all cash tips/credit card tips to management and management held onto it and then split it).

36. During all times relevant, Plaintiffs worked over forty hours during multiple weeks of employment with Defendants.

37. During all times relevant, Defendants did not pay Plaintiffs the applicable minimum wage rate for regular hours worked.

38. During all times relevant, Defendants did not pay Plaintiffs the applicable overtime wage for overtime hours worked.

39. During all times relevant, Plaintiffs were forced to perform side work, while not earning tips, in excess of 20% of their work time.

40. Moreover, during all times relevant, Defendants willfully engaged in practices that denied Plaintiff applicable minimum wage under the FLSA.

41. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

42. Plaintiffs reincorporate and re-allege paragraphs 1 through 41 as though set forth fully herein and further alleges as follows:

43. Plaintiffs are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During Plaintiffs' employment with Defendant, Plaintiffs regularly worked overtime hours, but were not paid proper time and one half compensation for same.

44. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

45. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages and reasonable attorney fees and costs.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

46. Plaintiffs' reincorporate and re-allege paragraphs 1 through 41 as though set forth fully herein and further alleges as follows:

47. Plaintiffs are entitled to be paid minimum wage for each hour worked during their employment with Defendants.

48. As a result of Defendants' actions in this regard, Plaintiffs have not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant, because their hourly wage was reduced below the applicable federal minimum wage requirement.

49. Defendants willfully failed to pay Plaintiffs minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because it was well aware of the minimum wage law requirements, but continued its violations.

50. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## COUNT III – DECLARATION OF RIGHTS

51. Plaintiff reincorporates and re-alleges paragraphs 1 through 41 as though set forth fully herein and further alleges as follows:

52. Plaintiffs and Defendants have a pending dispute under the Fair Labor Standards Act, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also had jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

53. Defendants did not rely on a good faith defense in not paying Plaintiffs applicable minimum wage under the FLSA.

54. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

55. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiffs and all other current employees of Defendants now and in the future.

**WHEREFORE** Plaintiffs, JOHN NEILAN, YASSER ALMUSSRY, and LUIS GARCIA, demand the entry of judgment in their favor and against Defendants, jointly and severally, as follows:

   a. Declaratory Relief pursuant to the DJA and FLSA;

   b. Enjoin Defendants from further violations of the FLSA;

   c. The payment of all hours not paid, at the applicable minimum wage rate and overtime rate;

   d. Liquidated damages;

   e. Reasonable attorneys' fees and costs incurred in this action;

   f. Pre- and post-judgment interest as provided by law;

   g. Recovery of tips paid by Plaintiffs into the illegal tip pool scheme;

   h. Any and all further relief that this Court determines to be appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 27th day of June, 2014

Respectfully Submitted,

Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314

Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email:
Richard@floridaovertimelawyer.com

_____
Richard Celler, Esq.
Florida Bar No.: 0173370

*Attorney for Plaintiffs*